21 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF SUPERIOR
SYSTEMS, INC., Appellee,
v.
LEVY WRECKING COMPANY, INC.,; Continental Insurance Company,
Appellants.
 No. 93-2440.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 26, 1994.
Filed: April 22, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Levy Wrecking Company, Inc. and Continental Insurance Company appeal the district court's[1] judgment in favor of Superior Systems, Inc., in this action which Superior initiated pursuant to the Miller Act, 28 U.S.C. Secs. 270a-270d. We remand to the district court for consideration of appellants' arguments that the district court lacked subject-matter and diversity jurisdiction.
 
 
 2
 The United States Department of Energy (DOE) awarded MK-Ferguson Company (MK-Ferguson) a contract which included thedemolition of an abandoned steam plant. MK-Ferguson, in-turn, contracted with Levy for demolition of the building. Thereafter, Levy, as principal, and Continental, as surety, executed and delivered to MK-Ferguson a "Labor and Material Payment Bond," for the protection of all persons supplying labor and materials as a result of Levy's contract with MK-Ferguson. Levy then contracted with Superior to remove asbestos from the building.
 
 
 3
 In June 1990, Superior filed this action against Levy and Continental, asserting federal-question jurisdiction under the Miller Act, and alternatively asserting diversity jurisdiction. After a bench trial, the court entered judgment against Levy and Continental, jointly and severally, in the amount of $57,994.74 ($46,340 plus $11,654.74 in pre-judgment interest).
 
 
 4
 Levy and Continental now argue that the district court lacked federal-question jurisdiction because the payment bond was not required or issued under the Miller Act, and that the district court lacked diversity jurisdiction because the amount in controversy never exceeded $50,000. It is well established that a lack of jurisdiction may be asserted by any party or the court for the first time on appeal and that "litigants cannot establish jurisdiction ... by stipulation, consent or waiver." United States v. Mississippi Valley Barge Line, 285 F.2d 381, 387 (8th Cir. 1960).
 
 
 5
 " 'The Miller Act ... is entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects.' " Aetna Cas. & Sur. Co. v. United States, 365 F.2d 997, 1000 (8th Cir. 1966) (quoting Clifford F. MacEvoy Co. v. United States, 322 U.S. 102, 107 (1944)); see also F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 122 (1974). While we have recognized that sub-sub-contractors are entitled to recover under the Miller Act, their right to sue has traditionally beenlimited to suit on the prime contractor's payment bond. See United States ex rel. Morris Constr., Inc. v. Aetna Cas. Ins. Co., 908 F.2d 375, 376-77 (8th Cir. 1990); see also, J.W. Bateson Co. v. United States ex rel. Board of Trustees, 434 U.S. 586, 587 (1978) ("prime contractor ... must post ... payment bond"); MacEvoy Co., 322 U.S. at 109-10 (prime contractors can require bonds for their protection, but Miller Act specifically provides for only two bonds-performance bond for protection of government and payment bond supplied by prime contractor for protection of subcontractors, materialmen, and laborers); Olson v. W.H. Cates Constr. Co., 972 F.2d 987, 989 (8th Cir. 1992) ("Miller Act requires the general contractor to procure a bond to protect the payment of those persons who supply labor or materials ... on a federal project"); United States ex rel. Miller v. Mattingly Bridge Co., 344 F. Supp. 459, 461 (W.D. Ky. 1972) (Miller Act applies to contracts between United States and prime contractors); United States v. Seaboard Sur. Co., 201 F. Supp. 630, 633 (N.D. Tex. 1961) (bond provided by subcontractor for benefit of general contractor is not bond within the purview of Miller Act). Yet, even though it is clear that Superior is not suing on the prime contractor's bond, we conclude that the district court should have the opportunity to consider whether the bond supplied by Levy and Continental was a Miller Act bond under 40 U.S.C. Sec. 270a(a)(2), 48 C.F.R. Secs. 28.001, 28.102-1, and 28.106-1 (1989), and the relevant case law.
 
 
 6
 While it is now undisputed that Superior erroneously alleged more than $50,000 in controversy in an attempt to establish diversity jurisdiction, see 28 U.S.C. Sec. 1332(a), it is unknown whether the claim was made in good faith. See Buffington v. Amchem Products, Inc., 489 F.2d 1053, 1056 (8th Cir. 1974) (per curiam); see also Shaw v. Gwatney, 795 F.2d 1351, 1356 (8th Cir. 1986) ("plaintiff's good faith estimate at the time of filing regarding his ultimate entitlement will be controlling"); cf. Zunamon v. Brown, 418 F.2d 883, 885 (8th Cir. 1969) ("plaintiff's allegations of requisite jurisdictional amount are not necessarily dispositiveof the issue," a patently frivolous claim cannot create federal jurisdiction). We also conclude that a factual finding of good faith should be made in the first instance by the district court.
 
 
 7
 Accordingly, we remand this case to the district court for consideration of appellants' arguments that the court lacked subject-matter and diversity jurisdiction. If necessary, Superior should be permitted to present additional evidence to establish jurisdiction.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri