# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2012

No. 10-31096

Lyle W. Cayce
Clerk

RICHARD A. ARENA, JR., d/b/a Water-Tite Roofing

Plaintiff-Appellee

v.

GRAYBAR ELECTRIC COMPANY, INC.; STEVENS LAND &
CONSTRUCTION, L.L.C.,

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Louisiana

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

GRAVES, Circuit Judge.

This appeal arises from the district court's denial of the defendants' post-trial motions. In a bench trial, the district court dismissed the plaintiff's Miller Act claim, the basis of his federal jurisdiction, for failure to secure a bond as required by the statute. The court proceeded on plaintiff's remaining state-law contractual claims by asserting pendent jurisdiction. It found in favor of the plaintiff. After the trial concluded, the court allowed plaintiff to amend his complaint by claiming that diversity allegedly existed at the beginning of the lawsuit. The defendants urged that the court lacked subject-matter jurisdiction and could not allow plaintiff to amend his complaint. The defendants submitted

No. 10-31096

new evidence challenging diversity jurisdiction. The court ruled that it properly asserted supplemental jurisdiction despite the dismissal of the Miller Act claim and dismissed the defendants' jurisdictional challenge as irrelevant. For the reasons discussed below, we VACATE and REMAND to the district court.

## I. FACTS AND PROCEDURAL HISTORY

The defendant Graybar Electric Company, Inc. (Graybar)[1] contracted with Stevens Land & Construction, L.L.C. (Stevens)[2] to do re-roofing work for on-post military personnel housing located at the U.S. Army base at Fort Polk, Louisiana. Graybar was the principal contractor and Stevens was the sub-contractor; Stevens subsequently retained the plaintiff, Richard A. Arena d/b/a Water-Tite Roofing (Arena)[3] to perform the re-roofing project. Stevens lacked experience in roofing and hired Arena to be the primary roofer. Arena did not have a written contract with either Graybar or Stevens but there was a clear understanding that Arena would perform roofing services for the project. Arena completed satisfactory work at the instruction of Graybar and Stevens. In fact, the work performed by Arena exceeded their expectations of him. Arena was not paid in full and subsequently brought this action.

Arena originally brought suit under the Miller Act, 40 U.S.C. § 3133 *et seq.*, which provides federal question jurisdiction to the district court pursuant to 28 U.S.C. § 1331. In Arena's original complaint, he asserted proper jurisdiction based on federal question and supplemental jurisdiction. Arena conceded at the beginning of the bench trial that the defendants failed to secure

---

[1] Graybar is a corporation domiciled in New York. Its principal place of business is in Missouri and its principal business establishment is in Louisiana.

[2] Stevens is a limited liability company with its domicile and principal place of business in Louisiana.

[3] In his original complaint, Arena did not state his state of residency but asserts that his principal place of business is in Benbrook, Texas.

a bond as required under the Miller Act.  The failure to secure a bond resulted in the district court's dismissal of Arena's Miller Act claim.  Therefore, Arena proceeded to trial under applicable Louisiana state-law.  In March 2010, the district court entered judgment in favor of Arena on his state-law breach of contract claims, holding Graybar and Stevens liable for unpaid compensation for the work Arena provided.  After the trial, the court allowed Arena to amend his complaint "to allege diversity that existed at the time of the original complaint."

After judgment was entered, Graybar and Stevens filed a motion for a new trial pursuant to Fed. R. Civ. P. 59 and a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.  The defendants argued that there was no jurisdiction at the time the court allowed Arena to amend his complaint to assert diversity of citizenship.  Although 28 U.S.C. § 1653 and Fed. R. Civ. P. 15(a) allow amendments to cure defective jurisdictional allegations, these rules do not permit the creation of jurisdiction when none existed at the time the original complaint was filed.  According to the defendants, Arena was a Louisiana citizen at the time he filed suit, not a Texas citizen.  The defendants submitted a voter registration document which purports to show Arena's status as a Louisiana-registered voter or citizen until the registration was cancelled in September 2005.  The original complaint was filed on May 25, 2005.  The district court acknowledged the defendants' argument and newly submitted exhibit but found that defendants did not give reasons why the new evidence was not submitted before entry of judgment.  Accordingly, the defendant's challenge to diversity jurisdiction was deemed irrelevant.  The court asserted pendent jurisdiction over Arena's state-law claims.  The court declined to consider the defendants' newly submitted evidence and ruled against their jurisdictional challenge.  That ruling is now before us on appeal.

No. 10-31096

## II. STANDARD OF REVIEW

The court reviews a district court's assumption of subject-matter jurisdiction *de novo*. *PCI Transp., Inc. v. Forth Worth & W. R.R. Co.*, 418 F.3d 535, 540 (5th Cir. 2005); *see also Williams v. Wynne*, 533 F.3d 360, 364 (5th Cir. 2008) (holding that the court reviews dismissals for lack of subject matter jurisdiction *de novo*). And, "jurisdictional findings of fact [are reviewed] for clear error." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). "The burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

## III. DISCUSSION

Before reaching the jurisdictional issues that are at the heart of this appeal, we first address defendant Graybar's untimely filing of its notice of appeal. *Burnley v. City of San Antonio*, 470 F.3d 189, 192 (5th Cir. 2006)(holding that, "taking of an appeal within the prescribed time is mandatory and jurisdictional") (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988)). "A timely filed notice of appeal is an absolute prerequisite to this court's jurisdiction." *Moody Nat. Bank of Galveston v. GE Life and Annuity Assur. Co.*, 383 F.3d 249, 250 (5th Cir. 2004) (citation omitted). Graybar was required to file its notice of appeal with the district clerk within thirty-days after the judgment on the defendants' motion for a new trial in accordance with Fed. R. App. P. 4(a)(1)(A). The court entered judgment on October 5, 2010 denying the defendants' Fed. R. Civ. P. 59 and 12(b)(1) requests for post-judgment relief. Graybar and Stevens were required to file their notices of appeal by November 4, 2010.

Defendant Stevens timely filed its notice of appeal on November 4, 2010. Graybar failed to file by this date. The Federal Rules of Appellate Procedure, however, permitted a later filing. Pursuant to Fed. R. App. P. 4(a)(3), Graybar

No. 10-31096

was permitted to file its notice of appeal by November 18, 2010.[4] The record does not show that Graybar properly filed a notice of appeal by the November 18, 2010 date. Accordingly, we dismiss Graybar from this appeal.[5]

## Proper Federal Jurisdiction

Arena's original lawsuit alleged a Miller Act claim and Louisiana state-law claims. The Miller Act claim failed, however, and was dismissed by the district court at the beginning of trial. Defendants argue that the Miller Act claim's dismissal eliminated subject-matter jurisdiction over Arena's lawsuit and the court's assertion of supplemental jurisdiction over Arena's remaining state-law claims was in error.

### 1. *The Miller Act and Federal Question Jurisdiction*

Arena asserted a claim under the Miller Act as a basis for his federal question subject-matter jurisdiction. "Federal question jurisdiction arises when a plaintiff[ ] set[s] forth allegations 'founded on a claim or right arising under the Constitution, treaties or laws of the United States.'" *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000) (citations omitted). "The purpose of the Miller Act is 'to protect persons supplying labor and material for the construction of federal public buildings in lieu of the protection they might receive under state statutes with respect to the construction of nonfederal buildings.'" *U.S. for Use and Benefit of Water Works Supply Corp., v. George Hyman Constr. Co.*, 131 F.3d 28, 31 (1st Cir. 1997) (citing *U.S. ex rel. Sherman v. Carter*, 353 U.S. 210, 216

---

[4] Fed. R. App. P. 4(a)(3): Multiple Appeals. If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

[5] Graybar is dismissed from this appeal. However, Graybar and Stevens submitted a joint brief on appeal and shared the same arguments and evidence during the district court proceedings. Therefore, the term "defendants" will be used in reference to both parties.

No. 10-31096

(1957)).  The Act gives suppliers and subcontractors the right to sue a prime contractor in U.S. district court for the amount owed to them.  *See* 40 U.S.C. § 3133(b)(1).  The Act creates a right to sue when the plaintiff has "furnished labor or material in carrying out work provided in a contract for which a payment bond is furnished under § 3131 of this title..."  *Id.*  This statutory scheme was created to protect parties such as subcontractors or suppliers who work on federal projects as state-law liens cannot be applied against federally-owned property and traditional state-law remedies are unavailable.  *See U.S. for Use of Gen. Elec. Supply Co. v. U.S. Fid. & Guar. Co.*, 11 F.3d 577, 580 (6th Cir. 1993).

The Miller Act itself does not explicitly mention that a bond is necessary to maintain jurisdiction under the statute.  Federal case law, however, has established that a claim under the Miller Act cannot be maintained without it. "Absent the existence of a bond, there can be no claim under the [Miller] statute."  *Faeber Elec. Co., Inc. v. Atlanta Tri-Com, Inc.*, 795 F.Supp. 240, 244 (N.D. Ill. 1992) (citing *Arvanis v. Noslo Eng'g Consultants, Inc.*, 739 F.2d 1287, 1290 (7th Cir. 1984), *cert. denied*, 469 U.S. 1191 (1978)); *see also United States v. Olympic Marine Servs., Inc.,* 827 F.Supp. 1232, 1234 n.1 (E.D. Va. 1993) (noting that federal courts maintain jurisdiction over Miller Act cases only if bonds have been provided).  A subcontractor's right to sue for recovery under the Miller Act is traditionally limited to a general contractor's payment bond.  *See U.S. for Use and Benefit of Superior Sys. Inc., v. Levy Wrecking Co. Inc.*, No. 93-2440, 1994 WL 142113, at *1 (8th Cir. Apr. 22, 1994) (citations omitted) (unpublished).  Indeed, satisfaction of the bond requirement to establish proper jurisdiction goes back for many years.  The Honorable Judge Cardozo discussed the bond requirement in reference to the predecessor of the Miller Act.  Judge Cardozo succinctly held:

6

> Congress has said that contractors shall be made liable to materialmen and laborers in an amount to be made determinate by the giving of the bond. The statutory liability, which in turn is inseparably linked to the statutory remedy, assumes the existence of a bond as an indispensable condition. Till then, there is neither federal jurisdiction nor any right of action that can rest upon the statute.

*Strong v. American Fence Constr. Co.*, 245 N.Y. 48, 52-53, 156 N.E. 92, 93 (1927) (citations omitted).

Here, no bond was secured for the government project at issue. This fact is conceded by both Arena and Stevens. Arena, however, contends that the Fifth Circuit has recognized the existence of supplemental jurisdiction over state-law claims where a plaintiff's primary claim under the Miller Act has been dismissed. It cites to our decision in *U.S. for the Use of American Bank v. C.I.T Constr. Inc. of Tex.*, 944 F.2d 253 (5th Cir. 1991) to support its position. In *American Bank*, the district court determined that it lacked jurisdiction over American's claim under the Miller Act because American failed to file suit within the one-year period specified within the statute. We reversed, holding that the court should have exercised jurisdiction because "Congress had supplied [the district court] with 'express statutory jurisdiction' over any 'action on a bond executed under [a] law of the United States,' which included a suit on a Miller Act payment bond." *American Bank,* 944 F.2d at 257 (citing *U.S. ex rel. Tex. Bitulithic Co. v. Fid. and Deposit Co.*, 813 F.2d 697, 699 (5th Cir. 1987)). In our holding, we clarified that the one-year period of the Miller Act is limitational and not jurisdictional, thus the district court had subject-matter jurisdiction.[6] *Id.* Because the one-year limitation rule is not jurisdictional, we remanded to the district court so that it could determine whether the exercise of pendent

---

[6] We relied on our interpretation of *Fid. and Deposit Co.*, 813 F.2d at 699 to remand and instruct the district court to exercise subject-matter jurisdiction over American's Miller Act claim although we agreed that the one-year limitation period time-barred the claim.

No. 10-31096

jurisdiction was proper over American's state-law claims.[7] *Id.* at 261. Arena's reliance on *American Bank* is misplaced as the key distinction between that holding and the instant case is that Arena's Miller Act claim is jurisdictionally deficient and fatally defective because the bond requirement was not satisfied. Proper federal question jurisdiction for his Miller Act claim was not established.

Without a secured bond, there can be no Miller Act claim. And without his Miller Act claim, Arena lost the anchor of his federal question jurisdiction under 28 U.S.C. § 1331. Despite the dismissal of Arena's federal claim, the court determined that it properly retained jurisdiction over his state-law claims.

(a) *Supplemental jurisdiction*

The principle of pendent jurisdiction is codified in 28 U.S.C. § 1367 and gives the court discretion to exercise jurisdiction over state-law claims when : (1) federal question jurisdiction is proper, and (2) the state-law claims derive from a common nucleus of operative facts.[8] The magistrate judge reasoned that it was within its power and judicially efficient to exercise pendent jurisdiction as Arena's state-law claims are based on the same set of facts. Accordingly, the defendants' jurisdictional challenge was rejected.

> [I]t is important to emphasize...that supplemental jurisdiction can be exercised in a case that has invoked an independent basis of federal subject matter jurisdiction...[I]f a federal claim is too insubstantial to invoke federal question jurisdiction for the

---

[7] We made clear in *Fidelity and Deposit Co.* that the use of the word "jurisdictional" in our prior cases referred "to the conditional nature of the right to sue under the Miller Act, not the jurisdiction of the court itself." 813 F.2d at 699*; see also American Bank,* 944 F.2d at 256. Both *Fidelity and Deposit Co.* and *American Bank* deal with a time limitation issue of the Miller Act, thus they do not support Arena's position.

[8] "[The] Federal courts have long adhered to principles of pendent and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997) (cited cases omitted).

8

underlying case, and there is no diversity, there can be no supplemental jurisdiction of other claims. [The] result has nothing to do with supplemental jurisdiction. It flows from a requirement of federal question jurisdiction.

13D Charles Alan Wright et al., Fed. Practice & Procedure § 3567 at 327 (3d ed. 2008). "A necessary condition for the exercise of supplemental jurisdiction is the substantiality of the federal claims." *Decatur Liquors, Inc. v. Dist. of Columbia*, 478 F.3d 360, 363 (D.C. Cir. 2007) (citation omitted). "If the federal claims are obviously frivolous or so attenuated and unsubstantial as to be absolutely devoid of merit, [ ] a federal court lacks subject-matter jurisdiction over those claims and, consequently, any local law claims." *Id.* (internal quotations and citation omitted).

Both parties concede that no bond was secured and do not dispute the district court's dismissal of the Miller Act claim. Arena's claim was not substantial as it contained a fatal defect when no bond was secured. The magistrate judge acknowledged the defect when she concluded that a bond was not secured as required by the Miller Act. Thus, Arena proceeded solely on his state-law claims. The court's reasoning of judicial efficiency to resolve Arena's state-law claims comes into play only when jurisdiction is proper. The court relied on *Int'l Coll. of Surgeons*, 522 U.S. at 164-65, which held that "federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact...'" But this principle as stated by the Court assumes and requires proper original jurisdiction. In the instant case, a secured bond under the Miller Act was required before the district court could establish original jurisdiction and assert pendent jurisdiction. Without original jurisdiction on the federal claim, the court cannot assert jurisdiction over state-law claims, even if those claims derive from a common nucleus of operative facts.

No. 10-31096

The court lacked federal question jurisdiction and federal law has long established that federal courts do not have jurisdiction over federal claims that are too insubstantial or attenuated, thus are devoid of merit. *Decatur Liquors, Inc.,* 478 F.3d at 363 (citation omitted). "In order for a federal court to invoke supplemental jurisdiction under *Gibbs*, it must first have original jurisdiction over at least one claim in the action." *Exxon Mobil Corp., v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005).[9] Here, the Miller Act claim as asserted was simply too attenuated to serve as a jurisdictional anchor for his state-law claims.

*(b) Diversity Jurisdiction*

We now consider whether the parties satisfy diversity jurisdiction pursuant to 28 U.S.C. § 1332. Because we have determined that there is no federal question jurisdiction and thus no valid assertion of supplemental jurisdiction, the only avenue which remains for proper subject-matter jurisdiction is a showing of complete diversity.[10]

After the entry of judgment, defendants argued that the court lacked authority to allow Arena to amend his complaint to fix the jurisdictional problem. In other words, it was wrong for the court to allow Arena to go back and assert diversity of citizenship in an amended complaint when no diversity existed at the time the original complaint was filed. With their post-trial motions, defendants submitted a Louisiana voter registration document bearing Arena's name and address. On appeal, Stevens argues that the court should have reviewed the document and made a factual determination as it bears on jurisdiction. The court's jurisdiction over Arena's state-law claims is proper if

---

[9] The Court citing to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

[10] The amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) is not at issue. Arena has alleged in his Complaint that the defendants are liable to him for the sum of $163, 295 for unpaid work.

diversity jurisdiction was proper at the time Arena filed his lawsuit. But the court never reached the validity of the defendants' diversity challenge.

*i. Consideration of new evidence*

The court refused to consider new evidence because defendants failed to explain why the information was not presented before judgment was entered. The magistrate judge concluded that the Louisiana voter registration form was available to defendants before judgment. And in balancing the need to conclude litigation against the need to render just decisions on the basis of all facts, admitting new evidence was unnecessary. In other words, the court found that the defendants could have but failed to timely produce their evidence and the totality of the circumstances did not require the court to review it. That finding was incorrect.

Proper jurisdiction for a federal court is fundamental and necessary before touching the substantive claims of a lawsuit. Even if defendants failed to challenge jurisdiction at a prior stage of the litigation, they are not prohibited from raising it later. *See Menchaca v. Chrysler Credit. Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). "[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." *Id.* (citations omitted).

> Because a party may not waive the defense of subject matter jurisdiction, it is clear that the issue may be raised for the first time on appeal. [T]he independent establishment of subject-matter jurisdiction is so important that [even] a party ostensibly invoking federal jurisdiction may later challenge it as a means of avoiding adverse results on the merits.

13 Charles Alan Wright et al., Fed. Practice & Procedure § 3522 at 122-23 (3d ed. 2008). "A litigant generally may raise a court's lack of subject matter jurisdiction at anytime in the same civil action, even initially at the highest appellate instance." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567,

No. 10-31096

576 (2004) (citations omitted).[11]  The law is clear on this point and the district court had a duty to consider newly submitted evidence despite the defendants's failure to produce it before the entry of judgment.

When a defendant makes a "factual" attack on a court's subject-matter jurisdiction, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Morris v. U.S. Dept. of Justice*, 540 F. Supp. 898, 900 (S.D. Tex. 1982) *aff'd,* 696 F.2d 994 (5th Cir. 1983), *cert. denied*, 460 U.S. 1093 (1983).  "[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties." *Howery*, 243 F.3d at 919 (citing *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 546 (5th Cir. 1990)); *see also Griffin v. Lee*, 621 F.3d 380, 383-84 (5th Cir. 2010) (citation omitted).  "Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere." *Exxon Mobil Corp.,*545 U.S. at 554; *see also Menchaca,* 613 F.2d at 511 ("A fortiori a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction must include an inquiry by the court into its own jurisdiction.").

Arena filed his complaint as an unincorporated association with its principal place of business in Texas.  Texas citizenship would satisfy jurisdictional requirements.  But the citizenship of his unincorporated association may be Louisiana, which would destroy diversity. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)(holding that the citizenship of a LLC, like limited partnerships or other unincorporated associations or entities, is determined by the citizenship of all of its members)

---

[11] The Court held that a post-filing change in a party's citizenship cannot cure the lack of diversity when the case was filed and must be dismissed for failing to invoke federal-subject matter jurisdiction, despite a three-year delay in raising the issue. *Grupo Dataflux,* 541 U.S. at 574-76 (citations omitted).

(citations omitted).  Arena, as the injured plaintiff seeking to recover in a federal forum, has the burden to show that there was complete diversity when he originally filed his complaint.  *See Howery,* 243 F.3d at 919.

Precedent puts a great responsibility on all federal courts to consider reasonable challenges to jurisdiction before reaching the merits of litigants' substantive claims.  It was, and remains, important for the court to examine the merits of Stevens's jurisdictional challenge because the failure of Arena's Miller Act claim and lack of complete diversity would necessarily mean that the trial court never had *original jurisdiction* from the inception of this lawsuit.  If this proves to be the case, a Louisiana state court would be the appropriate forum for the parties to resolve their dispute.

*ii. Amending the original complaint*

The magistrate judge's Memorandum Ruling shows that the court presumed proper diversity existed when Arena's complaint was originally filed.  And Arena was allowed to amend his complaint to reflect this assumption pursuant to 28 U.S.C. § 1332.  Federal statutes allow parties to amend defective allegations of jurisdiction in their filing papers.  28 U.S.C. § 1653.  These statutes, however, cannot be used to "create jurisdiction retroactively" where it did not previously exist.  *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985) (holding that § 1653 applies to technically inadequate allegations of jurisdiction but does not remedy defective jurisdiction itself) (citation omitted); *see also Russell v. Basila Mfg. Co.*, 246 F.2d 432, 433 (5th Cir. 1957) (when a defect is basic and actual rather than formal, amendment pursuant to 28 U.S.C. § 1653 is unavailing).  "[A]llowing a citizenship change to cure the jurisdictional defect that existed at the time of filing would contravene the principle articulated by Chief Justice Marshall in *Conolly*.  We decline to do today what the Court has refused to do for the past 175 years." *Grupo Dataflux,* 541 U.S. at

No. 10-31096

575.[12]  The defendants' challenge to diversity jurisdiction is reasonable and should have been examined.  And if Arena was in fact a resident of Louisiana when he filed his original complaint, the court's action to allow the amendment was improper.

To summarize, the district court may not have had proper subject-matter jurisdiction from the instant Arena decided to file this lawsuit.  The district court reasoned that it had wide discretion to exercise supplemental jurisdiction, but it incorrectly assumed that it had proper subject-matter jurisdiction under the Miller Act.  We conclude that the Miller Act claim was too attenuated to establish proper federal question jurisdiction and, hence, cannot support the exercise of supplemental jurisdiction.  Therefore, the court's determination of Arena's substantive claims rests on whether the parties are completely diverse.  Post-trial, the defendants produced a voter registration form bearing Arena's name, purporting to reflect Arena's voter registration status in Louisiana.  This evidence directly challenges diversity.  As of the day of oral arguments, however, this registration form remained uncertified and otherwise unauthenticated, therefore we cannot determine whether diversity jurisdiction is proper or has been destroyed.  This important task of reviewing the evidence, validating its authenticity, and determining its affect on jurisdiction is for the district court.

## IV. CONCLUSION

For the foregoing reasons, we VACATE the district court as jurisdictional requirements have not been satisfied. We REMAND to the court for further proceedings consistent with this opinion.

---

[12] *Conolly v. Taylor*, 27 U.S. 556, 565 (1829) ("Where there is no change of a party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit.") (Marshall, C.J.).