# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2012

No. 11-50524
Summary Calendar

Lyle W. Cayce
Clerk

SAM G. GIBBS; KEN NOLEN,

Plaintiffs-Appellants,

v.

LUFKIN INDUSTRIES, INC.; ANDREWS KURTH LLP; GARY L. BUSH,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 10-CV-0048

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Ken Nolen and Sam Gibbs appeal the federal district court's orders enjoining them from litigating in Texas state court their state law claims that the federal district court had previously remanded to the state court. Because the injunction was issued in violation of the Anti-Injunction Act, we VACATE the injunction orders.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50524

## FACTS AND PROCEDURAL HISTORY

Nolen and Gibbs (collectively "plaintiffs") are mechanical engineers. In 1971, the plaintiffs formed the Nabla Corporation, which provided services and equipment to the petroleum industry. In 1997, they sold Nabla Corporation to Lufkin Industries, Inc. ("Lufkin") for two million dollars. Upon the sale, Nolen began to work as an employee for Lufkin and Gibbs began to work for Lufkin as a consultant. Gibbs entered into a two-year Consulting Agreement, though Gibbs continued to consult for Lufkin after the agreement expired. Nolen also ended his employment to become a consultant in 2002.

In October 2003, Lufkin asked Gibbs to execute assignment documents for an earlier patent that Gibbs obtained, which predated Lufkin's acquisition of Nabla. Gibbs did so on October 23, 2003. Then, in early 2003, the plaintiffs created the Inferred Production Invention. They told Lufkin about their invention, and Lufkin introduced Gibbs and Nolen to Gary Bush, a patent attorney for Andrews Kurth LLC ("Andrews Kurth"). Bush had Gibbs and Nolen sign a "Declaration and Power of Attorney," which authorized Bush to apply for a patent application on their behalf, and caused Gibbs and Nolen to execute an assignment of all their rights in the invention and any issued patents thereon to Lufkin. In October 2008, Bush had Gibbs and Nolen sign a second power of attorney and assignment to Lufkin, regarding a new invention, called the Patent Pending Invention.

Thereafter, Lufkin filed a lawsuit against Gibbs and Nolen in Texas state court, claiming unfair competition and theft of trade secrets. Gibbs and Nolen then asserted several counterclaims for trademark infringement against Lufkin and third-party claims against Andrews Kurth. The counterclaims were asserted under the federal Lanham Act. The state court granted Lufkin's motion to sever Gibbs' and Nolen's counterclaims into a separate action, with Gibbs and Nolen

No. 11-50524

as the plaintiffs and with Lufkin, Bush, and Andrews Kurth as the defendants. Lufkin then removed the severed Lanham Act case to federal court.[1] In federal court, Gibbs and Nolen amended their pleadings three times. In addition to the Lanham Act claims, the amended complaint included newly raised federal patent claims.

In the federal district court the parties filed cross-motions for dismissal and summary judgment. Ultimately the federal district court dismissed all of plaintiffs' federal law claims and some of their state law claims. The district court then remanded plaintiffs' remaining state law claims to the state court. Each party appealed from the federal district court's adverse rulings, and those appeals are currently pending in this federal court of appeals, including the defendants' appeals from the district court's order remanding the plaintiffs' remaining state law claims to state court.

After the district court remanded Gibbs' and Nolen's state law claims, the plaintiffs moved the state court to set them for trial. Over the opposition of Andrews Kurth and Lufkin, the state court set a trial date and pretrial deadlines but "invited the parties to request an injunction from the federal courts."

In response to Andrews Kurth's petition, the federal district court, on May 12, 2011 enjoined Gibbs, Nolen and their attorneys from litigating or preparing to litigate their state law claims in state court until the federal appeals are resolved by this court of appeals.

Gibbs and Nolen appealed, contending that the injunction was issued in violation of the Anti-Injunction Act, 28 U.S.C. § 2283.[2] They originally filed their

---

[1] Lufkin's original claims against Gibbs, Nolen, and several other defendants were not removed and the Texas state court later dismissed those claims.

[2] The plaintiffs also challenged the federal district court's exercise of subject-matter jurisdiction over all of their claims. Lufkin removed the case on the basis of federal-question jurisdiction. "Federal question jurisdiction arises when a plaintiff[ ] set[s] forth allegations founded on a claim or right arising under the Constitution, treaties or laws of the United

3

No. 11-50524

appeal on the merits and their appeal of the injunction to the Federal Circuit, pursuant to 28 U.S.C. § 1292(c). The Federal Circuit concluded that it lacked jurisdiction and transferred both appeals to this circuit.

## STANDARD OF REVIEW

We review the federal district court's grant of an injunction for abuse of discretion, and underlying questions of law *de novo. Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002). Because the application of an Anti-Injunction Act exception is an issue of law, we review *de novo* the federal district court's determination that an injunction may be issued under one of the exceptions. *Regions Bank of Louisiana v. Rivet*, 224 F.3d 483, 488 (5th Cir. 2000).

## DISCUSSION

The Anti-Injunction Act provides that courts of the United States are generally denied the power to "grant an injunction to stay proceedings in a State court." 28 U.S.C. § 2283. A federal court may enjoin a state court only where: (1) it is expressly authorized to do so by an Act of Congress; (2) "where necessary in aid of its jurisdiction"; or (3) "to protect or effectuate its judgments." *Id.*; *see also Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286 (1970) ("[T]he . . . Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions."). These exceptions "are narrow and are not [to] be enlarged by loose statutory construction." *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2375 (2011)

States." *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 219-20 (5th Cir. 2012) (alterations in original) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000)) (internal quotation marks omitted). Gibbs and Nolen's original cross-complaint raised trademark infringement claims pursuant to the federal Lanham Act, 15 U.S.C. §§ 1114, 1125(a). The plaintiffs' complaint and amended complaints before the federal district court continued to raise Lanham Act claims and introduced new federal patent law claims. *See* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . copyrights and trademarks."). The federal district court therefore properly exercised federal-question jurisdiction over the federal claims, and supplemental jurisdiction over the plaintiffs' additional state-law claims. *See* 28 U.S.C. § 1367.

No. 11-50524

(alteration in original) (citations and internal quotation marks omitted). The federal district court held that the injunction was authorized under the "protect or effectuate" exception—commonly known as the relitigation exception—and under the in-aid-of-jurisdiction exception. We conclude that the federal district court improperly applied these exceptions to the present case.

"The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988); *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 273 (5th Cir. 2009). "It is founded in the well-recognized concepts of *res judicata* and collateral estoppel." *Chick Kam Choo*, 486 U.S. at 147. The Supreme Court has cautioned that special care must be taken to keep the relitigation exception "'strict and narrow.'" *Smith*, 131 S. Ct. at 2375 (quoting *Chick Kam Choo*, 486 U.S. at 148). The exception may be applied only where "the claims or issues which the federal injunction insulates from litigation in state proceedings *actually* have been decided by the federal court." *Chick Kam Choo*, 486 U.S. at 148 (emphasis added); *see also Bryan v. BellSouth Commc'ns, Inc.*, 492 F.3d 231, 237 (4th Cir. 2007) ("[T]he exception is inapplicable where an injunction is sought to prevent the litigation of claims or issues that *could have* been decided in the original action but were not."). Moreover, "[d]eciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court . . . . So issuing an injunction under the relitigation exception is resorting to heavy artillery. For that reason, every benefit of the doubt goes toward the state court." *Smith*, 131 S. Ct. at 2375-76.

The plaintiffs and defendants agree that the federal district court opted not to exercise supplemental jurisdiction over the remaining state law claims and instead remanded those claims to be litigated in state court. Although the federal district court did not reach a judgment on these claims, the defendants

argue that the injunction is warranted because Gibbs and Nolen will use the state court litigation to relitigate the federal district court's decisions of claims in its preremand orders. To the extent that Gibbs and Nolen will ask the state court to resolve whether the federal district court's preremand rulings have preclusive effect on the state court litigation, the state court is the appropriate decisionmaker as to what preclusive effect the preremand orders will have over the remanded state claims. *See Smith*, 131 S. Ct. at 2375-76. Because the remanded issues were never decided by the federal district court, the relitigation exception cannot apply.

Nor does the in-aid-of-jurisdiction exception apply to the present case. "The general rule remains . . . that an injunction cannot issue to restrain a state action in personam involving the same subject matter from going on at the same time." Charles Alan Wright et al., 17A Fed. Prac. & Proc. §4225. As the Supreme Court said in *Atlantic Coast Line*:

> Although the federal court did have jurisdiction of the railroad's complaint based on federal law, the state court also had jurisdiction over the complaint based on state law and the union's asserted federal defense as well. . . . In short, the state and federal courts had concurrent jurisdiction in this case, and neither court was free to prevent either party from simultaneously pursuing claims in both courts. . . . Therefore the state court's assumption of jurisdiction over the state law claims and the federal preclusion issue did not hinder the federal court's jurisdiction so as to make an injunction *necessary* to aid that jurisdiction.

398 U.S. at 295–296 (emphasis added).

The defendants rely on *Brookshire Bros. Holding, Inc. v. Dayco Products Inc.*, 2009 WL 8518382 (5th Cir. Jan. 23, 2009) (unpublished), but that case is inapposite. In *Brookshire Bros.*, after this court of appeals had ruled that the federal district court had abused its discretion in remanding a case to Louisiana state court, the plaintiffs moved for the state court to rule on dispositive motions, and the state court indicated that it intended to rule on those motions. The

No. 11-50524

defendants-appellants filed an emergency motion in this court of appeals to enjoin the parties from proceeding in the state court. We issued the requested injunctive relief in that case because it fell within one of the express exceptions to the general prohibition contained in the Anti–Injunction Act: a federal court may enjoin state court proceedings "where necessary in aid of its jurisdiction." *Id.* We said "the underlying dispute in this case is not the subject of parallel state and federal actions, but of a single lawsuit which was brought in state court, removed to federal court, and later—erroneously—remanded to state court. Permitting the state court to rule on dispositive motions in this suit, which, as our opinion made clear, is properly before the federal district court, would seriously interfere with the federal district court's consideration of the case and deprive the defendants-appellants of their right to proceed in a federal forum." *Id.* The present case is clearly distinguishable; here, there has been no ruling by us that the district court erred in remanding the plaintiffs' state law claims to the state court. Therefore, the state court's assumption of jurisdiction over the remanded state law claims does not hinder the federal court's jurisdiction so as to make an injunction *necessary* to aid that jurisdiction.

## CONCLUSION

For these reasons, we VACATE the federal district court's May 12, 2011 order enjoining the plaintiffs from pursuing their remanded claims in state court.