# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50821
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2015

Lyle W. Cayce
Clerk

EDWARD BANKS,

      Plaintiff–Appellant,

v.

BANK OF AMERICA, N.A.; DHI MORTGAGE COMPANY, LIMITED,
formerly known as CH Mortgage Company I, Limited; JUANITA
STRICKLAND,

      Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-426

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

      Bank of America, N.A., argues that Edward Banks's notice of appeal was not timely filed, such that we lack jurisdiction over the appeal and must dismiss. We agree and dismiss the appeal.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50821

## I

Banks filed suit against DHI Mortgage Company, Ltd. (DHI), Bank of America, and Juanita Strickland in Texas state court. Bank of America removed to the district court on the bases of federal-question and diversity jurisdiction. Banks filed a motion to remand. The district court denied this motion, concluding that although there was no basis for federal-question jurisdiction, diversity jurisdiction was proper. On October 31, 2013, the court granted DHI's and Strickland's motions to dismiss. On April 3, 2014, the court granted Bank of America's motion for summary judgment and entered a final judgment. On May 1, 2014, Banks filed a "motion for reconsideration, or, in the alternative, motion for new trial." On June 16, 2014, the district court construed Banks's motion as a motion for relief under Rule 60(b) and denied the motion. Banks filed his notice of appeal on July 25, 2014.

## II

Subject to certain exceptions, a notice of appeal in a civil case must be filed "within 30 days after entry of the judgment or order appealed from."[1] When certain motions are filed, "the time to file an appeal" is extended to begin to run "from the entry of the order disposing of the last such remaining motion."[2] Here, Banks's motion for reconsideration is the relevant motion. The court disposed of this motion on June 16, 2014. Banks's notice of appeal was due on July 16, 2014, but was filed on July 25, 2014. Banks's notice of appeal is untimely.

---

[1] FED. R. APP. P. 4(a)(1)(A); *see also* 28 U.S.C. § 2107(a).

[2] FED R. APP. P. 4(a)(4)(A).

No. 14-50821

"The filing of a timely notice of appeal . . . is mandatory and jurisdictional."[3] Banks does not dispute that the notice of appeal was untimely. Instead, he contends that because his appeal challenges the district court's subject-matter jurisdiction, this court may exercise jurisdiction over the untimely appeal.

Banks relies on an exception to res judicata that allows "a *collateral attack* on a *state court judgment* on the ground that the state court did not have jurisdiction over the subject matter" in certain narrow circumstances.[4] This exception does not apply to the present case, as Banks brings a *direct appeal* of a *federal court judgment*. Further, when a party directly appeals on the ground that a federal district court lacked subject-matter jurisdiction, we enforce the normal deadlines for filing a notice of appeal.[5] Accordingly, we lack jurisdiction over Banks's appeal.

\* \* \*

For the foregoing reasons, we DISMISS the appeal.

---

[3] *Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 588 (5th Cir. 2009) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)).

[4] *Key v. Wise*, 629 F.2d 1049, 1056 (5th Cir. 1980) (emphasis added).

[5] *See, e.g.*, *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 219 (5th Cir. 2012) (dismissing a party from an appeal based on lack of subject-matter jurisdiction when that party's notice of appeal was untimely).