# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2021

Lyle W. Cayce
Clerk

No. 20-50077

Jose Luis Torres,

*Plaintiff—Appellant*,

*versus*

Lowe's Home Centers, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CV-366

Before Jones, Smith, and Elrod, *Circuit Judges*.
Per Curiam:*

Jose Luis Torres appeals the district court's dismissal of his claims under Federal Rule of Civil Procedure 41(b) for lack of prosecution. We have jurisdiction to consider the appeal and, for the reasons stated below, we AFFIRM the district court's judgment.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50077

I.

Torres brought this case in August 2018 in Texas state court. He alleged that he was injured while shopping at Lowe's "when a piece of chain holding woodplanks [sic] on top of an elevated shelf display broke off, causing the wood planks to fall." Torres asserted various negligence claims and sought damages up to $150,000 for his injuries. Torres named as defendant "Lowe's Companies Inc. d/b/a/ Lowe's."

In November 2018, a different entity, "Lowe's Home Centers, LLC," timely removed the action to federal court. In its notice of removal, Lowe's Home Centers (Lowe's) asserted that it was the proper defendant identified in Torres's complaint. It further asserted that diversity jurisdiction existed because Lowe's Home Centers is a limited liability company whose "sole member" is Lowe's Companies, Inc., a corporation headquartered and incorporated in North Carolina. Torres did not oppose removal or otherwise challenge that Lowe's Home Centers was the proper defendant.

Following an order from the district court in January 2019, the parties agreed to serve initial disclosures, as required by Federal Rule of Civil Procedure 26, by February 22, 2019. The district court subsequently entered a scheduling order which set discovery completion deadlines in November 2019 and filing deadlines for dispositive motions in December 2019.

On December 9, 2019, Lowe's moved to dismiss the case for lack of prosecution under Federal Rule of Civil Procedure 41(b) because Torres had failed to serve his required initial disclosures—despite multiple requests from opposing counsel to do so—and had failed to take a single deposition or otherwise pursue the case. Lowe's separately moved for summary judgment, citing Torres's failure to present any evidence to sustain his negligence claims. Torres did not file an opposition to either motion.

2

No. 20-50077

On January 10, 2020, the district court granted the unopposed motion to dismiss, denied the motion for summary judgment as moot, and closed the case. Judgment was entered against Torres the same day. Torres timely appealed.

## II.

Both parties argue that this court lacks appellate jurisdiction. As always, we must address the scope of our jurisdiction first.

Torres argues that the district court lacked jurisdiction over Lowe's Home Centers because Torres named a different entity, Lowe's Companies, Inc., in his original complaint. However, Torres did not object when Lowe's Home Centers asserted in its notice of removal that it was the proper defendant. Because Torres did not raise this claim before the district court, we need not consider it for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316–17 (5th Cir. 2000) ("It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered."); *see also Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Moreover, Torres's brief does not dispute that diversity jurisdiction pursuant to 28 U.S.C. § 1332 existed at the time of removal. *Cf. Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) ("A litigant generally may raise a court's lack of subject matter jurisdiction at anytime in the same civil action, even initially at the highest appellate instance.") (quoting *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 576 (2004)).[1]

---

[1] On appeal, Torres does not dispute that "[t]he entity Torres sued was a corporation [Lowe's Companies, Inc.] incorporated in the State of North Carolina, not a limited liability company." On the record here, even if Lowe's Companies, Inc. were a proper defendant, diversity of citizenship still exists because Torres is a citizen of Texas.

Alternatively, Torres argues that the district court's order is not a final judgment because it did not dispose of all of his claims. Not so. Both the order and judgment dismissed all of "Plaintiff's claims in the above-captioned action" and closed the case. Consequently, appellate jurisdiction exists. 28 U.S.C. § 1291.

Lowe's argues that we lack appellate jurisdiction because Torres did not designate the relevant order in its notice of appeal. Federal Rule of Appellate Procedure 3 requires that the appellant's notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). Torres designated the district court's "order granting summary judgment" in his notice of appeal, but the district court ruled only on the motion to dismiss and denied the summary judgment motion as moot. While Lowe's is correct that no such summary judgment order exists, the notice specified that Torres seeks review of the order "entered in this action on the 10th day of January, 2020," which is the date of the district court's dismissal order. Lowe's does not aver that it was prejudiced by or misled by this error; on the contrary, Lowe's fully briefed the issues concerning the dismissal order here. Consequently, we find that Torres's error does not bar appellate review. *See Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991) ("If there is an error in designating a judgment appealed, the error should not bar an appeal if the intent to appeal a particular judgment can be fairly inferred, and if the appellee is not prejudiced or misled by the mistake.").

### III.

Satisfied of our jurisdiction, we turn to the merits of Torres's appeal. This court has "made clear that any issue not raised in an appellant's opening brief is forfeited." *United States v. Bowen*, 818 F.3d 179, 192 n.8 (5th Cir. 2016).

No. 20-50077

Torres fails to brief this court on whether the district court was right to dismiss his case based on Lowe's motion to dismiss. Having failed to brief the court on the relevant issue, Torres cannot prevail on appeal. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim."). We AFFIRM the district court's judgment.