**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROGER LIVERMAN, JR.,

        Plaintiff-Appellant,

v.

GEORGE W. BUSH, President of the
United States of America; ALBERTO
R. GONZALES, Attorney General,[*]

        Defendants-Appellees.

No. 05-4023
(D.C. No. 2:04-CV-694-TC)
(D. Utah)

**ORDER AND JUDGMENT**[**]

Before **O'BRIEN**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]     On February 4, 2005, Alberto R. Gonzales became the United States
Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the
Respondent in this action.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Plaintiff Roger Liverman, Jr., appeals from a district court order dismissing this action on motion of defendants, the President and Attorney General of the United States. In addition to challenging the dismissal directly, plaintiff contends it was the product of bias against him for his pro se status. We affirm.

Plaintiff brought this action under 28 U.S.C. § 1361 to compel investigation and prosecution of complaints he had submitted to the Attorney General alleging illegal activity by the Treasury Department's Office of Inspector General and the Judiciary Committee of the U.S. House of Representatives. He also requested "the right to seek civil damages" to redress "the criminal acts perpetrated against [him]." R. doc. 1 at 5. He did not, however, indicate the particular nature of the criminal acts in question. Defendants moved to dismiss for lack of subject matter jurisdiction and for failure to state claim. The district court granted defendants' motion "for the reasons set forth [therein]," without distinguishing among the various reasons set forth in the motion or specifying whether it was ruling under Fed. R. Civ. P. 12(b)(1) or 12(b)(6). R. doc. 14 at 2. We note that the asserted jurisdictional deficiencies must take analytical priority, though they need not be resolved in any particular order among themselves. *See Gadlin v. Syborn Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000).

## Absence of Mandamus Jurisdiction

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if . . . the defendant owes him a

-2-

clear nondiscretionary duty." *Marquez-Ramos v. Reno*, 69 F.3d 477, 478-79 (10th Cir. 1995) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "The importance of the term 'nondiscretionary' cannot be overstated–the judiciary cannot infringe on decision-making left to the Executive branch's prerogative." *Id.* at 479. "Thus, the question whether a particular act [challenged through mandamus] is discretionary . . . rises to the jurisdictional level." *Id.* (following *Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419 v. Brown*, 656 F.2d 564, 567 (10th Cir. 1981)).

"The Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985) (further quotation omitted)). "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute [which here, where prosecution was not pursued, is not an issue], the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *Id.* (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)); *see United States v. Robertson*, 45 F.3d 1423, 1437 (10th Cir. 1995).[1] Indeed, referring to the very

---

[1]     Thus, for example, the executive authority to investigate and prosecute illegal activity "has long been regarded as a classic discretionary function" in Federal Tort Claims Act case law. *Sloan v. United States Dep't of Housing &*

(continued...)

constitutional provision plaintiff relies on as the source of the Executive's duty to prosecute, U.S. Const. art II, § 3, we have noted "that this constitutional provision vests the Executive with substantial discretion in choosing when and how to prosecute cases." *United States v. Bolden*, 353 F.3d 870, 877 (10th Cir. 2003).

These two lines of authority, limiting mandamus to nondiscretionary duties and recognizing that criminal prosecution is left to the discretion of the executive branch, converge on an unavoidable conclusion here. The district court lacked jurisdiction to compel the President and Attorney General to investigate and prosecute the criminal conduct alluded to in plaintiff's complaint. *See Peek v. Mitchell*, 419 F.2d 575, 577 (6th Cir. 1970); *see also Jafree v. Barker*, 689 F.2d 640, 643 (7th Cir. 1982) (same conclusion as to mandamus petition seeking to compel investigation by FBI); *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379-81 (2d Cir. 1973) (same conclusion as to mandamus claim seeking to compel investigation, arrest, and prosecution by United States Attorney).

---

[1](...continued)
*Urban Dev.*, 236 F.3d 756, 760 (D.C. Cir. 2001); *see Alfrey v. United States*, 276 F.3d 557, 565-66 (9th Cir. 2002); *Sutton v. United States*, 819 F.2d 1289, 1293 (5th Cir. 1987).

**Lack of Standing**

We note that plaintiff's complaint also alludes broadly to other forms of redress in addition to mandamus, including recognition of plaintiff's "right to seek damages" and "such other relief at law and in equity as justice may require." R. doc. 1, at 5. To whatever extent, if any, that this conclusory invocation of alternative remedies avoids the obstacle that prosecutorial discretion poses for mandamus relief in particular, plaintiff's pleadings would face another, equally fatal jurisdictional deficiency. Because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," there is "an unbroken line of explicit precedent holding that 'a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution.'" *Cmty. for Creative Non-Violence v. Pierce*, 786 F.2d 1199, 1201 (D.C. Cir. 1986) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *cf. Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (relying on *Linda R.S.* to affirm dismissal of action for lack of standing where plaintiff sought order compelling state authority to pursue formal complaint against attorney). This principle clearly applies here and deprives plaintiff of standing to contest the prosecutorial policies of the President and Attorney General.

**Conclusory Assertion of Judicial Bias**

Plaintiff asserts that the district court was biased against him on account of his pro se status. Given the patently groundless character of this assertion, as well as the jurisdictionally futile nature of the action in which it has been made, this issue does not merit further consideration.

The judgment of the district court is AFFIRMED. Plaintiff's "Objection to Granting of Appellees['] Notice of Substitution of Counsel," which includes a demand for a hearing and the recusal of those judges who granted the substitution in the first instance, is DENIED.

Entered for the Court

William J. Holloway
Circuit Judge
