**William M. WINDSOR, Appellant**

v.

**Orinda EVANS, Judge, et al., Appellees.**

No. 10–5071.

United States Court of Appeals, District of Columbia Circuit.

Dec. 28, 2010.

William M. Windsor, Marietta, GA, pro se.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: GINSBURG, TATEL, and BROWN, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed February 17,

2010, be affirmed. This court may affirm the district court's dismissal of the appellant's complaint on any ground that supports the judgment. *See In re Swine Flu Immunization Prod. Liab. Litig.*, 880 F.2d 1439, 1444 (D.C.Cir.1989). As to the judicial appellees, appellant has failed to state a claim that would entitle him to the declaratory and injunctive relief he seeks. *See Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C.Cir.1990) (*sua sponte* dismissal for failure to state a claim is proper where "it is patently obvious" that the plaintiff could not have prevailed on the facts alleged in his complaint). The post-judgment and appellate review of the judicial decisions in the United States District Court for the Northern District of Georgia provided an adequate remedy at law for appellant's claims here. *See Younger v. Harris*, 401 U.S. 37, 43–44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (equitable relief not available if an adequate remedy at law exists).

The district court did not abuse its discretion in dismissing appellant's 506–page complaint as to the remaining appellees. *See Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C.Cir.2004) (holding that Fed.R.Civ.P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief"). Appellant's claims against the remaining appellees were properly dismissed as frivolous as a government official's decision whether to investigate and prosecute a case is within the unreviewable discretion of the Executive Branch. *See, e.g., United States v. Nixon*, 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *Community for Creative Non–Violence v. Pierce*, 786 F.2d 1199, 1201 (D.C.Cir.1986). Finally, the district court did not abuse its discretion in denying appellant leave to file his motion under Fed.R.Civ.P. 59(e) to alter or amend the judgment because amendment of his complaint would have been futile. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.