RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0052p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 13-1311

*v.*

MICHAEL WINANS, JR.,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit
No. 2:12-cr-20598-1—Sean F. Cox, District Judge.

Decided and Filed: March 17, 2014[*]

———————

Before: BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge; OLIVER, District Judge[**]

———————

### COUNSEL

———————

**ON BRIEF:** Frank D. Eaman, FRANK D. EAMAN, PLLC, Detroit, Michigan, for Appellant.
Abed Hammoud, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

———————

### OPINION

———————

ALICE M. BATCHELDER, Chief Judge. Appellant Michael Winans, Jr., pleaded guilty to one count of wire fraud under 18 U.S.C. § 1343. He was sentenced to 165 months of incarceration, five years of supervised release, and restitution totaling $4,796,522.00. Winans's

———————

[*]This decision was originally issued as an "unpublished decision" filed on March 17, 2014. The court has now designated the opinion as one recommended for full-text publication.

[**]The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

plea agreement included a waiver of any right to appeal his conviction or sentence.  Winans nonetheless appeals, arguing that the appeal waiver's scope does not extend to the district court's restitution order, and that the restitution order itself exceeds the district court's statutory authority.  The government moves for dismissal based on the appeal waiver.  Because the appeal waiver in Winans's plea agreement waived any right to appeal the district court's restitution order, we dismiss his appeal.

**I.**

Winans created the Winans Foundation Trust ("WFT") in October 2007 as a vehicle to solicit investments in Saudi Arabian crude oil bonds.  He recruited eleven "shareholders" whose job was to solicit investors and funds for the WFT.  Winans guaranteed fantastic returns, promising that $1,000–$8,000 initial investments would yield returns of the same amount within sixty days.  By December 2007, Winans learned that the bonds were not a legitimate investment, but he kept this information to himself.  One thousand two hundred people fell victim to Winans's trick.[1]  The money vanished.

A bill of information filed on September 10, 2012, charged Winans with one count of wire fraud in violation of 18 U.S.C. § 1343.  Winans's plea agreement stated, "Each individual victim of WINANS' scheme to defraud invested between $1,000 and $7,000 in the Saudi Arabian crude oil bond.  As a result, WINANS obtained **over $8,000,000 from more than 1,000 victim investors** . . . ."  The plea agreement calculated the guidelines range at 151–188 months based on the wire fraud count, losses between $7,000,000 and $20,000,000, and the number of victims.  The plea agreement stated that "[t]he Court shall order restitution to every identifiable victim of defendant's offense and all other relevant conduct.  The victims, and the full amounts of restitution in this case, are to be determined."  The agreement also contained a waiver of appeal:  "Defendant waives any right he may have to appeal his conviction.  If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence."  Winans pleaded guilty on October 3, 2012.

---

[1]Or, "illusion."

## II.

We review de novo the question whether a defendant waived his right to appeal his sentence in a valid plea agreement. *See United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). We will first examine the plea agreement to determine its scope. Then we will address Winans's claims under the Mandatory Victims Restitution Act.

## A.

"[A] defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005) (internal quotation marks omitted). A valid waiver must be both knowing and voluntary. *See United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001). Winans does not challenge the validity of the appeal waiver; he argues only that the appeal waiver in his plea agreement did not waive his right to challenge the restitution portion of his sentence. Both the terms of the plea agreement and the sentencing transcript belie this assertion.

This Court uses traditional contract principles in interpreting and enforcing plea agreements. *United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011). Because we use traditional contract principles, moreover, "ambiguities in a plea agreement are therefore construed against the government, especially because the government can take steps in drafting a plea agreement to avoid imprecision." *Id.*

The relevant portion of the appeal waiver in this case reads: "Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives *any right* he may have to appeal his sentence." (emphasis added). Winans was sentenced to 165 months of incarceration, within the sentencing guidelines range described in Part 3 of the plea agreement. The guidelines range was in part based upon the fact that Winans had obtained over $8,000,000 from over 250 victims. Part 3 also states, "The Court shall order restitution to every identifiable victim of defendant's offense and all other relevant conduct. The victims, and the full amounts of restitution in this case, are to be determined."

In *United States v. Curry*, No. 13-1061, 2013 WL 6501167 (6th Cir. Dec. 11, 2013), we outlined the scope of an appeal waiver for a defendant who pleaded guilty to violating the same statute at issue in our case. The plea agreement in *Curry* set a guidelines range based in part on losses to the defendant's victims of between $400,000 and $1,000,000. *Id.* at *1. The plea agreement stated that the "specific loss amount, for purposes of restitution . . . [would] be determined by the Court at the sentencing hearing." *Id.* The appeal waiver said that the defendant "waives any right to appeal his conviction or sentence." *Id.* at *2. We held:

> Section 3 of Curry's plea agreement lists restitution as one of the compulsory components of Curry's sentence. When the district court sentenced Curry to 41 months in prison—namely, "within the guideline range recommended" by Curry and the government—the waiver thus extinguished Curry's right to appeal any part of his sentence, including the restitution order.

*Id.* We explicitly recognized that "restitution is a part of one's sentence." *Id.* (citing *United States v. Gibney*, 519 F.3d 301, 306 (6th Cir. 2008)). *Curry* controls the outcome of this case. Because restitution is a part of Winans's sentence, and Winans waived "any right he may have to appeal his sentence," the waiver extinguished Winans's right to appeal the restitution order. *See also United States v. Sharp*, 442 F.3d 946, 952 (6th Cir. 2006) ("If Sharp had wished to reserve his right to appeal the restitution order, he should have negotiated for that right in his plea agreement.").

Winans points to our opinion in *United States v. Smith*, 344 F.3d 479 (6th Cir. 2003), where we held that an appeal waiver did not bar an appeal of the district court's restitution order. *Smith* said that "the manner in which the district court determined the amount of loss is the primary issue on appeal, which falls outside the scope of the plea agreement." *Id.* at 483. The plea agreement as described in *Smith*, however, contained few specifics on the amount or manner by which the amount would be calculated, *see id.* at 481, suggesting that the defendant's waiver as to the restitution order was neither knowing nor voluntary.

Winans's plea agreement and the attendant circumstances, however, clearly demonstrate that Winans knew his appeal waiver encompassed the restitution order. Although the plea agreement in our case does not contain an exact dollar figure, it does specify that Winans fraudulently obtained $8,000,000 from over 1,000 victims. Winans argues that the $8,000,000

refers to the amount he obtained from investors, not the loss they sustained as a result of the fraudulent scheme. Winans agreed for purposes of the guidelines, however, that the "loss" involved "[m]ore than $7,000,000 [but] less than $20,000,000." The Presentence Investigation Report ("PSR") prepared on January 10, 2013, recommended restitution of $5,004,750.00 for 612 victims described on a list being maintained by the United States Attorney's Office. This list included each victim's name, an investigative case number, and a loss amount. On February 5, 2013, Winans submitted an objection to the restitution amount calculated in the PSR. He withdrew the objection on February 27, 2013. And on March 1, 2013, Winans was sentenced to make restitution in the amount of $4,796,522.00.

The sentencing colloquy provides additional, contextual evidence that Winans knew and accepted the amount of restitution to which he pleaded guilty. During the plea hearing on October 3, 2012, the court read Winans the factual basis of the charge: "As a result, you obtained over $8 million from more than 1,000 victim investors, all of whom were led to believe that they were investing in . . . bonds that you knew – that you well knew did not exist." Although Winans had submitted a written objection to the restitution calculation contained in the PSR, he withdrew the objection:

> THE COURT: Mr. Hatchett, have you had the opportunity to review the presentence report with your client?
>
> MR. HATCHETT: I have, Your Honor. The record should reflect that I have spent a great deal of time with Mr. Winans. We have gone thoroughly through the report and we have sent to the probation department any objections that we had to the report, which objections at this point we're going to withdraw.
>
> THE COURT: And it's my understanding, and please correct me if I'm wrong, the objection involved the issue of restitution. And currently, restitution has been correctly noted at $4,796,522; is that correct?
>
> MR. HATCHETT: That is correct, Your Honor.
>
> . . . .
>
> THE COURT: But as of today it is, $4,796,522; is that correct?
>
> MR. HATCHETT: That is correct, Your Honor.

Thus the text of the appeal waiver and PSR, together with the sentencing colloquy, leave no doubt that Winans knew the amount of restitution he was agreeing to pay, and knew that this restitution was part of his plea agreement.

To the extent that Winans seeks to distinguish between waiving his right to appeal the amount of the restitution and waiving his right to appeal the manner by which the restitution was determined, we decline to make that distinction here. As was the case in *Curry*, restitution is part of the sentence to which Winans waived any right to appeal. Any means any.

**B.**

Winans contends that the district court exceeded its authority under the Mandatory Victims Restitution Act ("MVRA"). He argues that the MVRA is not subject to waiver, and that, even if it is, the district court committed plain error in calculating the amount of Winans's restitution. Winans relies on *United States v. Freeman*, 640 F.3d 180, 194 (6th Cir. 2011), for the proposition that an appeal waiver does "not waive the right to appeal whether the district court exceeded its statutory authority." But the plea agreement at issue in *Freeman* specifically reserved the right to appeal if "the sentence exceeds the statutory maximum penalty." 640 F.3d at 184.[2] Winans's plea agreement does not contain this language; Winans reserved only the right to appeal a sentence that exceeded the guidelines range outlined in Part 3 of the plea agreement. Even were conformity to the MVRA an implied term of Winans's plea agreement, his argument is unpersuasive in light of the well-settled principle that statutory rights can be waived. *See McGilvery*, 403 F.3d at 362.

Yet, even if the issue were not waived, it is clear that the restitution order does not run afoul of the MVRA. The MVRA states that "when sentencing a defendant convicted of an offense . . . the court shall order . . . that the defendant make restitution to the victim of the offense . . . ." 18 U.S.C. § 3663A(a)(1). The district court ordered that restitution be paid to 612 victims, but the one count of wire fraud to which Winans pleaded guilty involved only two

---

[2]An intra-circuit split exists on the question whether the MVRA specifies a statutory maximum. *Compare United States v. Sosebee*, 419 F.3d 451, 461 (6th Cir. 2005) ("[T]he restitution statutes do not specify a statutory maximum."), *with Freeman*, 640 F.3d at 193 (ignoring *Sosebee* and quoting *United States v. Gordon*, 480 F.3d 1205, 1210 (10th Cir. 2007), for the proposition that the restitution statute "*does* set a statutory maximum on the amount of restitution").

victims.  Winans argues that the district court exceeded its statutory authority because it ordered restitution to more than those two victims.  The MVRA's constraint on the district court's sentencing authority has two exceptions, however, both of which apply to this case.  First, where "an offense involves as an element a scheme," restitution may be ordered for "any person directly harmed by the defendant's criminal conduct in the course of the scheme."  *Id.* § 3663A(a)(2).  In Winans's case, as highlighted by the plea agreement, an element of the offense of wire fraud is that "[t]he defendant knowingly devised a scheme to defraud . . . ."

The second exception, also applicable to this case, is that "[t]he court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense."  *Id.* § 3663A(a)(3).  Winans admits that "[t]he scope of a defendant's restitution can be modified by his plea agreement."  Winans agreed to broader restitution by agreeing to a plea agreement requiring him to pay "restitution to every identifiable victim of defendant's offense *and all other relevant conduct*."  (emphasis added).  Again, *Freeman* is inapposite.  Neither of the two exceptions applicable in this case was applicable in *Freeman*.  Thus, even if Winans's claim that the district court's restitution order exceeded its statutory authority under the MVRA were deemed to skirt his appeal waiver, closer examination of Winans's sentencing demonstrates that the restitution order is not in excess of statutory authority.  It follows that Winans's claim of error does not represent grounds for non-enforcement of the appeal waiver.[3]

### III.

Winans also raises an ineffective assistance of counsel claim, despite acknowledging that "[c]ounsel is aware of the preference expressed in many Sixth Circuit decisions, that ineffective assistance of counsel claims be brought in a subsequent proceeding pursuant to 28 U.S.C. § 2255."  Winans describes accurately our preference.  *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").  The

---

[3]Moreover, even if Winans managed to circumvent his appeal waiver, we would nonetheless be constrained to reject his challenge to the restitution amount.  By withdrawing his objection to the amount at sentencing and acknowledging that the amount was correct, he effectively waived his right to appellate review of the issue.  *See United States v. Wendlandt*, 714 F.3d 388, 398 (6th Cir. 2013) (holding that withdrawal of an objection below is an express waiver of appellate review).

record in this case is not "sufficiently developed to permit us to review the claims." *United States v. Allen*, 254 F. App'x 475, 478 (6th Cir. 2007).

**IV.**

For the foregoing reasons, we dismiss this appeal.