# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 20-5277**　　　　　　　　　　　**September Term, 2020**

**1:20-cv-01898-UNA**

**Filed On:** February 8, 2021

Charles L. Stringer,

　　　　　Appellant

　　v.

John Downy, et al.,

　　　　　Appellees

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**　　Henderson and Katsas, Circuit Judges, and Sentelle, Senior Circuit Judge

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed July 27, 2020 and August 18, 2020, be affirmed. The district court properly dismissed the case without prejudice for lack of subject matter jurisdiction. See Decatur Liquors, Inc. v. District of Columbia, 478 F.3d 360, 363 (D.C. Cir. 2007) (federal courts lack subject matter jurisdiction over "obviously frivolous" claims); Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006) ("A federal district court lacks jurisdiction to review decisions of other federal courts."). The dismissal without prejudice allows appellant to file a new complaint in the appropriate manner. See Comm. for Effective Cellular Rules v. FCC, 53 F.3d 1309, 1318 (D.C. Cir. 1995). In addition, appellant cannot compel a criminal investigation by filing a complaint in district court. Cf. Windsor v. Evans, 403 F. App'x 527, 528 (D.C. Cir. 2010) ("[A] government official's decision whether to investigate and prosecute a case is within the unreviewable discretion of the Executive Branch."). Lastly, appellant has not demonstrated that the district court abused its discretion by dismissing his claims without allowing discovery, or in denying his motion to alter or amend the judgment. See, e.g., Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO-CLC, 103 F.3d 1007, 1012 (D.C. Cir. 1997); Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam).

## No. 20-5277                              September Term, 2020

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk