RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0137p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

DAMONE DOMINIQUE BELL,

*Defendant-Appellee*.

No. 21-5008

IN RE: UNITED STATES OF AMERICA,

*Petitioner*.

No. 21-5423

### No. 21-5008

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green;
No. 1:18-cr-00026-1—Gregory N. Stivers, District Judge.

### No. 21-5423

On Petition for a Writ of Mandamus.

Argued: October 27, 2021

Decided and Filed: June 24, 2022

Before: ROGERS, STRANCH, and DONALD, Circuit Judges.

─────────────

#### COUNSEL

**ARGUED:** Terry M. Cushing, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellant. Frank W. Heft, Jr., OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellee. **ON BRIEF:** Terry M. Cushing, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellant. Frank W. Heft, Jr., Patrick J.

Bouldin, OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellee. **ON PETITION FOR A WRIT OF MANDAMUS:** Terry M. Cushing, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Petitioner.

————————————

**OPINION**

————————————

BERNICE BOUIE DONALD, Circuit Judge.  Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, defendant appellee Damone Bell pled guilty to a lesser included, but not indicted, offense of distribution of a controlled substance.  The district court accepted the guilty plea but ultimately rejected the plea agreement.  The court then sentenced Bell to thirty months' imprisonment—a sentence approximately eighty-two percent lower than that contemplated under the (C) plea agreement.  The government appealed, alleging a right to withdraw its consent to a plea to a lesser included, but not indicted, offense when a district court rejects a Rule 11(c)(1)(C) plea agreement.  The government alternatively petitioned for a writ of mandamus to the same effect.  For the reasons set forth below, we AFFIRM the district court's judgment and DENY the government's petition for a writ of mandamus.

**I.**

On August 15, 2018, a grand jury returned a two-count indictment against Bell.  Count 1 charged him with distribution of a controlled substance that resulted in death, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Count 2 charged him with possession with intent to distribute heroin and fentanyl, in violation of 18 U.S.C. § 841(a)(1).

On February 11, 2020, Bell entered into a written plea agreement with the government.  The agreement provided that Bell would "enter a voluntary plea of guilty to the charges in this case, including a lesser included offense in Count 1."  While a conviction for Count 1 would have carried a mandatory minimum sentence of twenty years and a maximum sentence of life imprisonment, Bell's guilty plea to the lesser included offense with the government's consent would eliminate a mandatory minimum sentence, and his maximum sentence would be reduced to forty years' imprisonment.  As part of the plea agreement, the parties would also "agree that a sentence of 168 months' imprisonment . . . is the appropriate disposition of this case."  During

the change of plea hearing, the district court addressed Bell in open court and informed him of his rights pursuant to Federal Rule of Criminal Procedure 11. At the conclusion of the colloquy, the court found that the pleas were voluntarily made and accepted the same. However, the court deferred a decision on the plea agreement until after it reviewed the presentence report.

Seven months later, following supplemental briefing on the potential rejection of the plea agreement and factual discrepancies between the plea agreement and the presentence investigation report, the district court held a sentencing hearing. Following its consideration of the presentence report, the court found a "vast discrepancy" between the guidelines, which recommended six to twelve months' imprisonment, and the agreement, which required 168 months' imprisonment. The court accordingly rejected the plea agreement and informed Bell of his right to withdraw his pleas under Criminal Rule 11. Bell declined the opportunity to withdraw his pleas and the court proceeded with sentencing. The government objected and asked the court to instead set the matter for trial. The court overruled the objection and imposed a thirty-month sentence. The next day, the government moved for reconsideration of the denial of its request to set the matter for trial on Count 1. The district court denied that motion, and the government appealed.

The government now asks us to vacate Bell's conviction on the lesser included, but not indicted, offense and remand the matter to the district court for further proceedings on the greater charged offense. In the alternative, the government petitions for a writ of mandamus directing the district court to proceed to trial on the greater charged offense.

## II.

It is well-settled that the government cannot appeal errors in a criminal case without express statutory authority. *United States v. Sanges*, 144 U.S. 310, 312 (1892); *United States v. Wilson*, 420 U.S. 332, 336 (1975). Here, the government seeks to appeal the district court's judgment of conviction and order denying its motion for reconsideration under 28 U.S.C. § 1291.[1] That statute provides: "The courts of appeals . . . shall have jurisdiction of appeals

---

[1]The government asserted two additional theories of jurisdiction in its opening brief. However, because we find jurisdiction proper under 28 U.S.C. § 1291, we need not address the alternative theories.

from all final decisions of the district courts of the United States." The judgment of conviction imposed a concurrent sentence against Bell, and thus was a final decision for purposes of 28 U.S.C. § 1291. *See Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment.") (citations omitted). Accordingly, 28 U.S.C. § 1291 provides us jurisdiction to hear the appeal. *See United States v. Gomez-Gomez*, 643 F.3d 463, 469 (6th Cir. 2011) (holding the denial of a motion to reconsider an earlier order is reviewable following final judgment).

## III.

On appeal, the government argues that Bell could not plead guilty to the lesser included, but not indicted, offense without its consent under the plea agreement. The government contends that, when the district court rejected the plea agreement, the government should have been able to withdraw its consent to the plea to the lesser included offense. The government derives its alleged authority from two different sources: (1) the prosecutorial authority over charging determinations, and (2) the express language of the plea agreement. Bell conversely asserts that the Federal Rules of Criminal Procedure authorized the district court to accept the then-consensual guilty pleas and subsequently reject the plea agreement.

## A.

A formal plea agreement is often the manifestation of a bargain whereby a charge is reduced—normally the exclusive province of the prosecutor—in order to secure a less severe range of sentencing possibilities for the defendant—normally the exclusive province of the judge. *United States v. Ammidown*, 497 F.2d 615, 619 (D.C. Cir. 1973). Thus, "[w]hen a plea bargain is placed before a court, the necessary interplay between charging and sentencing decisions becomes manifest." *United States v. Miller*, 722 F.2d 562, 564 (9th Cir. 1983).

The Judicial Branch has expansive authority over sentencing decisions. *See Mistretta v. United States*, 488 U.S. 361, 390-97 (1989). Rooted in the judiciary's power over sentencing, Criminal Rule 11 grants the district court vast discretion in determining whether to accept a plea or plea agreement. *See* Fed. R. Crim. P. 11(c)(3)(A) (permitting the court to "defer a decision [on a plea agreement] until the court has reviewed the presentence report"). Nonetheless, the

judiciary must be careful to remain independent of executive affairs. *See United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965) ("It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions.").

Decisions to initiate charges, or to dismiss charges once brought, "lie[] at the core of the Executive's duty to see to the faithful execution of the laws." *Cmty. for Creative Non-Violence v. Pierce*, 786 F.2d 1199, 1201 (D.C. Cir. 1986). "[J]udicial authority is, therefore, at its most limited" when reviewing a prosecutor's exercise of discretion over charging determinations. *Id.* at 1201; *see also* Fed. R. Crim. P. 48 (discussing the district court's supervisory powers over the dismissal of charging documents). The Eighth and Ninth Circuits accordingly hold that a court cannot accept a plea to a lesser included offense unless the government consents. *See United States v. Gray*, 448 F.2d 164, 168 (9th Cir. 1971); *United States v. Carnahan*, 684 F.3d 732, 737 (8th Cir. 2012).

It is this principle upon which the government hangs its proverbial hat. However, the government in this case *did* consent to a plea to a lesser included offense. The plea agreement provided: "[Bell] will enter a voluntary plea of guilty to the charges in this case, including a lesser included offense in Count 1." Bell subsequently entered his guilty plea, and the court accepted it, in the presence of the same prosecutor who had negotiated the plea agreement. The government did not object until the court rejected the plea agreement over seven months later.

The government argues that its consent was contingent on the district court's acceptance of the plea agreement. This argument runs contrary to the Supreme Court's decision in *United States v. Hyde*, 520 U.S. 670 (1997). In *Hyde*, the Court rejected the idea that pleas and plea agreements are so bound together under the Federal Rules of Criminal Procedure. *Id.* at 677. According to the Court, Criminal Rule 11 "explicitly envision[s] a situation in which the defendant performs his side of the bargain (the guilty plea) before the Government is required to perform its side (here, [assent to the agreed upon sentence])." *Id.* As a result, in situations where the government consents to a defendant's guilty plea to a lesser included offense, Rule 11 contemplates that the government decides whether to consent to the guilty plea to a lesser included offense before the court decides whether to accept the plea agreement.

Rule 11 is divided into separate subsections that provide a chronological framework for the plea process:  subsection (a) describes the types of pleas a defendant may enter, subsection (b) details the prerequisites to accepting a plea, and subsection (c) sets forth the process for accepting or rejecting plea agreements.  Fed. R. Crim. P. 11(a)-(c); *Hyde*, 520 U.S. at 674. Relevant here, subsection (c)(1)(C) allows a defendant to plead guilty to "either a charged offense or a lesser or related offense" in exchange for an agreed sentence.  Fed. R. Crim. P. 11(c)(1)(C).  If the district court rejects a (c)(1)(C) agreement, it must comply with subsection (c)(5).  That subsection provides:

> If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
>
> (A)   inform the parties that the court rejects the plea agreement;
>
> (B)   advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
>
> (C)   advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

Fed. R. Crim. P. 11(c)(5).  Therefore, where a district court accepts a guilty plea pursuant to a plea agreement, but rejects the terms of the plea agreement itself, it must advise the defendant of his rights and give the defendant an opportunity to withdraw his plea.

Notably, Rule 11 contemplates that the rejection of a plea agreement allows *the defendant*, not the prosecutor, to withdraw or persist in the plea.  *Cf. In re Ellis*, 356 F.3d 1198, 1207 (9th Cir. 2004) (holding that the district court's rejection of a plea agreement allows the defendant, not the court, to withdraw the plea); *United States v. Adame-Hernandez*, 763 F.3d 818, 826 (7th Cir. 2014) (holding that the district court abused its discretion in withdrawing defendant's guilty plea after rejecting the plea agreement).  Accordingly, Federal Rule of Criminal Procedure 11 vests the district court with final authority to approve or reject plea agreements, and following the rejection of a plea agreement, the defendant retains final authority over the status of the guilty plea.  Rule 11 does not give the government the authority to withdraw its previously given consent for a defendant's guilty plea to a lesser included offense.

**B.**

To escape the grip of Rule 11, the government points to its "fail-safe" provision in paragraph 18 of the plea agreement. The government contends that, by its terms, paragraph 18 returns the parties to the *status quo ante* if the district court does not accept the agreement. However, the plain language of the agreement does not read that broadly.

"This Court uses traditional contract principles in interpreting and enforcing plea agreements." *United States v. Winans*, 748 F.3d 268, 270 (6th Cir. 2014) (citing *United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011)). Any "ambiguities in a plea agreement are therefore construed against the government, especially because the government can take steps in drafting a plea agreement to avoid imprecision." *Id.*

> Paragraph 18 provides, in its entirety:
>
> If the Court refuses to accept this agreement and impose sentence in accordance with its terms, pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto. The defendant will be allowed to withdraw the pleas of guilty. Similarly, the United States may pursue any and all charges supported by the facts and law and, upon conviction, pursue imposition of any sentence supported by the facts and law.

Read as a whole, paragraph 18 does not create any rights beyond those provided in Criminal Rule 11. The first sentence acknowledges the district court's ability to reject the plea agreement and clarifies that, in the event the district rejects the agreement, neither party is bound to their commitments therein. The released commitments are laid out in the following sentences. The second sentence echoes the defendant's right to withdraw under Rule 11. In this case, Bell elected not to withdraw his pleas and elected instead to proceed with sentencing. The third sentence sets forth the government's right to prosecute its case. Notably, this sentence does not unequivocally state that the government's consent to Bell's plea to the lesser included offense is *contingent* on the district court's subsequent acceptance of the plea agreement. Rather, in a case where other charges remain pending or where the defendant withdraws his pleas, this would allow the government a "full and fair opportunity to convict those who have violated its laws." *Ohio v. Johnson*, 467 U.S. 493, 502 (1984). But where, as here, the defendant pleads to all charges against him and chooses not to withdraw his pleas, there are no remaining charges for

which the government may proceed to trial, and a subsequent reindictment for the greater included offense implicates double jeopardy concerns under the Fifth Amendment.

Jeopardy generally attaches when the district court accepts the defendant's guilty plea. *See United States v. Bearden*, 274 F.3d 1031, 1036 (6th Cir. 2001). Anticipating this problem, the government claims that *Ohio v. Johnson* saves it from the general bar against successive prosecutions. In *Johnson*, a grand jury returned a multi-count indictment charging the defendant with murder, involuntary manslaughter, aggravated robbery, and grand theft. 467 U.S. at 495. The defendant pled guilty to the lesser offenses of involuntary manslaughter and grand theft but pled not guilty to the greater offenses of murder and aggravated robbery. *Id.* at 496. The defendant then moved to dismiss the remaining charges on double jeopardy grounds. *Id.* The trial court accepted the defendant's pleas to the lesser offenses over the state's objection and dismissed the greater offenses. *Id.*

The Supreme Court reversed, holding that the Double Jeopardy Clause did not prohibit the state from continuing prosecution on the remaining charges brought in the indictment. *Id.* at 502. The Court found that the defendant resolved only part of the charges against him over the state's objection. *Id.* at 501. The Court thus determined that the defendant had not been exposed to conviction on the remaining charges, and the state did not have the opportunity to marshal its evidence more than once. *Id.* Accordingly, the Court concluded that continued prosecution did not implicate any interests protected by the Double Jeopardy Clause. *Id.*

*Johnson* is readily distinguishable from and inapposite to the present case. In this case, the lesser offense was not an express count of the indictment. The grand jury indicted Bell on only two counts: distribution of a controlled substance that resulted in death and possession with intent to distribute heroin and fentanyl. With the government's consent, Bell pled guilty to both counts, "including a lesser included offense in Count 1." The district court accepted the pleas and entered final judgment on both counts. The government does not contend that the plea agreement amounted to a double jeopardy waiver. The agreement did not provide for some kind of automatic reinstatement of the greater offense if not accepted, and it did not contain any language wherein Bell agreed to waive a double jeopardy objection to reindictment of the greater

offense.  Under these circumstances, paragraph 18 of the plea agreement cannot serve as a basis for reinstating Count 1 of the indictment.

The government also argues in effect that our interpretation of Rule 11 in conjunction with the Double Jeopardy Clause will deter the government from entering into future plea agreements that promise a sentence limit in return for a guilty plea to a lesser included offense. Such agreements may be beneficial to both parties.  The answer to that concern, however, is not to accept the government's view of consent that is inconsistent with the structural framework of Rule 11.  Instead, in such cases, the government can include as a term of the plea agreement that, in return for the government's consent to plea to the lesser included offense, the defendant waives his double jeopardy rights with respect to the greater included offense if the court subsequently rejects the parties' plea agreement.  *See Ricketts v. Adamson*, 483 U.S. 1, 9-10 (1987).

## IV.

The government alternatively petitions this court for a writ of mandamus ordering the district court to schedule trial on the greater offense charged in Count 1.  But before a writ will issue, the petitioner "'must show that [it] lack[s] adequate alternative means to obtain the relief [it] seek[s] and . . . that [its] right to issuance of the writ is clear and indisputable.'"  *In re Hall*, 4 F.4th 376, 378 (6th Cir. 2021) (quoting *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989)).  Because 28 U.S.C. § 1291 provides us jurisdiction to hear the direct appeal, the government cannot demonstrate a lack of adequate alternative avenues of relief. Therefore, mandamus is not an appropriate remedy.

## V.

For the foregoing reasons, we AFFIRM the district court's judgment and DENY the government's petition for a writ of mandamus.