# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-5207**

**September Term, 2022**

**1:22-cv-00699-ABJ**

**Filed On:** October 6, 2022

Naum I. Volovets,

      Appellant

    v.

William J. Clinton, Former U.S. President and
Kristina A. Kvien, Former Charge d' Affaires
e.i. of the U.S. Embassy in Ukraine,

      Appellees

_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Pillard and Rao, Circuit Judges, and Sentelle, Senior Circuit Judge

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and supplement thereto filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the response to this court's order filed on August 1, 2022, it is

**ORDERED AND ADJUDGED** that the district court order filed June 22, 2022, be affirmed. The district court properly dismissed the case based on appellant's failure to identify a valid basis for the court's jurisdiction. See Fed. R. Civ. P. 12(h)(3). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983); see Clark v. Library of Congress, 750 F.2d 89, 103 (D.C. Cir. 1984) (sovereign immunity bars monetary claims against public officials sued in their official capacity absent a specific waiver of immunity). Insofar as appellant seeks monetary relief, he has identified no such waiver that would allow his claims to go forward. And insofar as he seeks relief based on the purported "criminal" nature of his allegations, his suit fails because, as a private party, he cannot bring claims under criminal law or seek to compel the criminal investigation or prosecution of the defendants. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another");

**No. 22-5207**                    **September Term, 2022**

Cmty. for Creative Non-Violence v. Pierce, 786 F.2d 1199, 1201 (D.C. Cir. 1986) (the power to decide when to investigate and prosecute lies in the Executive Branch and judicial authority is "non-existent" when the court is asked to intrude into the process of prosecutorial decisionmaking by a party without standing to raise the claim).  Further, the district court did not abuse its discretion in denying leave to file a second amended complaint because appellant has not shown the proffered amendment would have cured the jurisdictional flaws in the suit.  See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk